

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. O-3327
Re: Is the district clerk entitled
to collect one-half of her fees
from Hall County when a defend-
ant is indicted under Art. 802,
P.C., and upon trial is given
a fine and jail sentence and
lays the fine and costs out in
jail?

Your recent request for an opinion of this depart-
ment on the above stated question has been received.

Your letters of March 17, and March 22, read, in
part, as follows:

"The question has been presented to me
whether I, as county attorney, and the justice
of peace, peace officers, and district clerk,
are entitled to fees as against the county,
for a prosecution under Art. 802, P. C., where
the defendant is given a fine and jail sentence.

"Article 1020, C. C. P. provides for certain
fees to certain officials for holding examining
trials, to be paid by the State. However, Art.
1019, C. C. P. provides the State shall pay no
fees when the defendant is given a fine, jail
sentence, or both. I therefore take it that
the State would not be liable for examining
trial fees where the defendant is only given a
fine and jail sentence.

"However, Art. 1055, C. C. P. provides that

in a misdemeanor case the county shall be
liable for one half fees where the defendant
lays his fine out in jail or is put on the
public works.

"I am in a quandary as to whether the
county attorney, justice of peace and peace
officers are entitled to one-half fees against
the county under a case where the defendant is
indicted under Art. 802, P. C. and is only
given a fine and jail sentence, and lays the
fine and costs out in jail. Also as to wheth-
er the district clerk is entitled to one-half
fees against the county in such a case.

"I have and thank you for your letter of
the 19th enclosing copies of your Opinions
0-3057 and 0-2877.

"As I understand these opinions the
constable and justice of peace are entitled
to one-half their fees under Art. 1055, C. C.
P. I can see no distinction between these of-
ficers and the county attorney, and am there-
fore of the opinion that the latter officer
would be entitled to one-half of his examining
trial fee under Art. 1055, C. C. P., and the
factual situation presented.

"I enclose herewith copy of my tentative
opinion to the District Clerk, and would appre-
ciate your views as to whether I am correct."

What was said in our opinion Nos. 0-2877 and 0-3057,
relative to the constable and justice of the peace is equally
applicable to the district clerk under the facts stated. There-
fore, it is our opinion that the district clerk is entitled to
one-half of her fees as provided by Article 1055, Code of Crim-
inal Procedure, for services rendered in the above mentioned
case.

With reference to the constable and justice of the
peace, in your letter of March 22, 1941, you state: "I can
see no distinction between these officers and the county at-
torney, and am therefore of the opinion that the latter officer
would be entitled to one-half of his examining trial fee under
Art. 1055, C. C. P., and the factual situation presented." In

this connection we call your attention to Article 1027, Code of Criminal Procedure, which provides:

> "In all cases where a defendant is indicted for a felony but under the indictment he may be convicted of a misdemeanor or a felony, and the punishment which may be assessed is a fine, jail sentence or both such fine and imprisonment in jail, the State shall pay no fees to any officer, except where the defendant is indicted for the offense of murder, until the case has been finally disposed of in the trial court. Provided the provisions of this Article shall not be construed as affecting in any way the provisions of Article 1019, Code of Criminal Procedure, as amended by Chapter 205, General Laws, Regular Session, Forty-second Legislature; Provided this shall not apply to examining trial fees to County Attorneys and/or Criminal District Attorneys."

In view of the foregoing statute, you are respectfully advised, that it is the opinion of this department that the county attorney would not be entitled to one-half of his fees under Article 1055, Code of Criminal Procedure, under the facts above states, but would be entitled to his examining trial fees as provided by Article 1020, Code of Criminal Procedure, and would be paid by the State.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED MAY 16, 1941

Acting ATTORNEY GENERAL OF TEXAS

AW:RS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN